IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**ELDERS MEADERS**                                                                                    **PLAINTIFF**

vs.                                                **CIVIL ACTION NO. 1:13cv204-GHD-SAA**

**CAROLYN W. COLVIN,**
**COMMISSIONER OF SOCIAL SECURITY**                                   **DEFENDANT**

## MEMORANDUM OPINION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Elders Meaders for disability insurance benefits (DIB) under Sections 216(I) and 223 of the Social Security Act and for supplemental security income (SSI) payments under Section 1614(a)(3) of the Act. Plaintiff protectively filed applications for SSI, DIB and for a period of disability (POD) on September 17, 2010, alleging disability beginning February 5, 2010. Docket 9, p. 114-23. His claim was denied initially and on reconsideration. *Id.* at 50-59. He filed a written request for hearing on November 5, 2010 (*id.* at 60) and was represented by counsel at the hearing held on May 3, 2012. *Id.* at 26-49. The Administrative Law Judge (ALJ) issued an unfavorable decision on June 25, 2012 (*id.* at 9-21), and the Appeals Council denied plaintiff's request for a review on August 16, 2013. *Id.* at 1-3. Plaintiff timely filed the instant appeal from the decision, and it is now ripe for review. Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

## I. FACTS

Plaintiff was born on April 24, 1959 and was 53 years old at the time of the ALJ's

decision. Docket 9, p. 30. He went through the eleventh grade in special education. *Id.* at 46. He was previously employed as a construction worker, wire harness builder, machine operator, steel post installer. *Id.* at 46. Plaintiff contends that he became disabled before his application for SSI, DIB and POD due to gout, bleeding ulcer, prior stroke, acid reflux, high blood pressure, inner ear problems and vertigo. *Id.* at 32, 149.

The ALJ determined that plaintiff suffered from "severe" impairments including "hypertension, gouty arthritis, and obesity," but found that his "history of stroke, history of vertigo, peptic ulcer with bleeding, and high cholesterol" did not constitute "severe" impairments. Docket 9, p. 14-15. The ALJ went on to find that plaintiff's severe impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). *Id.* at 16. Based upon testimony by the vocational expert [VE] at the hearing and upon stated consideration of the record as a whole, the ALJ determined that plaintiff retains the Residual Functional Capacity (RFC) to

> perform a reduced range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can occasionally lift 20 pounds and frequently lift 10 pounds; stand and walk for four hours in an eight-hour workday, and for one hour without interruption; and sit for six hours in an eight-hour workday. The claimant can occasionally engage in climbing, balancing, stooping, crouching, kneeling, and crawling.

*Id.* at 17. Upon further analysis under applicable rulings and regulations, the ALJ determined that plaintiff was less than fully credible in that his claimed symptoms, limitations and subjective complaints – particularly concerning the intensity, persistence and limiting effects of these symptoms – were not credible. *Id.* at 19. After evaluating the evidence in the record and the

testimony of the VE at the hearing, the ALJ held that plaintiff could perform the job of a sewing machine operator and a ticket taker and consequently is not disabled under the Social Security Act. *Id.* at 21.

Plaintiff contends that the ALJ erred because he improperly relied upon non-compliance with prescribed or recommended treatment as a reason for rejecting plaintiff's subjective complaints, did not properly evaluate plaintiff's vertigo, improperly relied upon unsupported VE testimony, and reached an improper RFC. Because the court concludes that the ALJ's decision must be reversed and remanded for further development of the record as his RFC findings are not supported by substantial evidence, the court need not address the remaining claims of error.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove his impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

3

impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999); citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even

---

[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7] 20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8] *Muse*, 925 F.2d at 789.

[9] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

4

if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

Plaintiff argues that instead of relying upon the only medical opinion in the record that provided an opinion as to plaintiff's ability to perform work related functions, the ALJ conjured his own limitations, rendering erroneous the RFC finding and the ALJ's ultimate decision that plaintiff is not disabled. He contends that the ALJ erred in step four of the evaluation process by relying on his own opinions to conclude that plaintiff could perform a reduced range of light work. Docket 14. The Commissioner's response acknowledges that the ALJ discounted the opinion of Dr. Fleetwood, the only physician to provide a Medical Source Statement ("MSS"), but asserts that records of plaintiff's treating physician Dr. Patel and agency consultants support

---

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

the ALJ's RFC because they do not provide any limitations. Docket 15. Dr. Patel, plaintiff's treating physician did not provide any opinions as to plaintiff's ability to perform work related functions. In his opinion, the ALJ notes that plaintiff had requested a MSS from Dr. Patel, but plaintiff failed to submit the MSS to the ALJ. Docket 9, p. 19. The ALJ asserts that he "infers reasonably from the foregoing that [the physical therapy assessment and the MSS from Dr. Patel] would not have been helpful to the claimant if they had been submitted." *Id.* However, there is no evidence that the ALJ ever attempted to or actually did contact Dr. Patel to obtain either the physical therapy assessment or the MSS. Instead, the ALJ elected to discount Dr. Fleetwood's MSS – which he himself had requested be conducted – and rely upon his own lay interpretation of the medical records to reach an RFC.

No medical opinion in the record provides the limitations that the ALJ established in his RFC determination. The Commissioner argues that the ALJ's opinion that plaintiff could perform light work is supported by the record and that the ALJ properly resolved conflicts in the evidence to reach his RFC determination. Docket 15, p. 21. In other words, even though the ALJ's opinion did not have a basis in any medical finding which supports his conclusions regarding plaintiff's physical capabilities, and even though the plaintiff raised this important detail in his memorandum brief, the Commissioner continues to do the same thing in this court that the ALJ did – take on the role of a physician and try to reach a conclusion as to plaintiff's capabilities from the raw medical data.

The ALJ determined that the only medical opinions concerning plaintiff's vocational abilities – that of the examining consultant, Dr. Fleetwood – were not supported by the record evidence, and he discounted those opinions as a result. The Commissioner asserts that because

Dr. Patel's records do not contain any physical limitations on plaintiff's ability to work, and because his office notes state that plaintiff was "fully ambulant," the RFC is supported by the record. However, noting that plaintiff was ambulant at an office visit is a totally different matter from finding that the plaintiff can "stand and walk for four hours in an eight-hour workday, and for one hour without interruption . . ." Docket 9, p. 17. The fact remains that the only medical opinion concerning plaintiff's vocational abilities from any physician conflicts with the ALJ's findings. The ALJ reached his conclusion as to plaintiff's vocationally relevant functional limitations on his own after hearing plaintiff's testimony and reviewing the raw medical data. To be clear, the court is not convinced that the plaintiff is in fact disabled, but that uncertainty does not diminish the fact that the ALJ's RFC is not properly supported by the record.

The court rejects the Commissioner's argument as untenable. Certainly, the responsibility of determining the plaintiff's residual functional capacity belongs to the ALJ, *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995); in making this determination he must consider all the evidence in the record, evaluate the medical opinions in light of other information contained in the record, and determine the plaintiff's ability despite his physical and mental limitations. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). The ALJ has considerable discretion in reviewing facts and evidence but, as a layman, he is not qualified to interpret raw medical data in functional terms. *Perez v. Secretary of Health and Human Services*, 958 F.2d 445, 446 (1st Cir. 1991) (citations omitted); *see Richardson v. Perales*, 402 U.S. 389, 408 (1971) (upholding the use of testimony from vocational expert because the ALJ is a layman). The ALJ may not establish physical limitations or lack of those limitations without medical proof to support that conclusion. *Patterson v. Astrue*, 2008 WL 5104746, *4 (N.D. Miss. 2008), citing

*Nguyen v. Chater*, 172 F.3d 31, 35 (1ˢᵗ Cir. 1999). "The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law or judging matters entrusted to experts." *Nyugen v. Chater*, 172 F.3d at 35.

The court has examined the record and, despite the ALJ's inclusion of these findings in his RFC, cannot locate evidence that any treating or examining physician ever stated plaintiff was capable of lifting twenty pounds occasionally or standing/walking for four hours and one hour without interruption. As indicated by plaintiff and the Fifth Circuit, "an ALJ may not rely on [his] own unsupported opinion as to the limitations presented by the applicant's medical conditions." *Ripley v. Chater*, 67 F.3d 552, 557-58 (5ᵗʰ Cir. 1995). This appears to be exactly what the ALJ did in this case. In direct contradiction to the applicable case law, the ALJ established physical limitations without any medical proof to support those limitations, then, using those unsupported limitations, reached an RFC based upon his own extrapolation of the medical records as to plaintiff's ability to work. This process produced an improper RFC and ultimately an improper evaluation of plaintiff's ability to perform various jobs by the VE, not to mention further delay and expense to all involved in this action.

The undersigned finds that the ALJ did not satisfy his affirmative duty to "ensure that [his] decision is an informed decision based upon sufficient facts." *Brock v. Chater*, 84 F.3d 726, 728 (5ᵗʰ Cir. 1996). In cases such as this one, where there clearly is no support for the ALJ's RFC, and the error is so fundamental, the Commissioner should voluntarily agree to remand for reconsideration rather than require that the court make that decision for her. The ALJ's decision was not supported by substantial evidence and should be remanded for a proper

analysis of the plaintiff's vocationally-relevant functional limitations.

The undersigned finds particularly troubling the fact that the ALJ relied upon plaintiff's failure to obtain treatment, testing or to take prescribed medications as evidence that plaintiff's allegations of debilitating impairment were untruthful and that plaintiff was non-complaint. Docket 9, p. 19. In doing so, the ALJ completely ignored the numerous references throughout plaintiff's medical records to plaintiff's inability to pursue further diagnosis and treatment because he lacked the financial resources to do so, as well as plaintiff's own testimony at the hearing that he had to stop seeing his treating physician because of lack of funds. For instance, the ALJ noted that plaintiff "has displayed ongoing non-compliance with his prescribed medications, without any clear explanation for this failure." *Id.* The record is replete with documentation that plaintiff could not afford the additional tests that Dr. Patel wanted conducted, or even afford to see Dr. Patel any more and to pay for his medications. Docket 9, p. 33-34, 215, 291, 294, 295, and 302. There was clearly an explanation for plaintiff's failure to comply with the prescribed medical treatment or to have the tests that Dr. Patel recommended – they are expensive and plaintiff has no money. Because the court is remanding the case so that the ALJ may properly consider plaintiffs vocationally relevant functional limitations, the court will not consider whether the Commissioner's decision on this issue is supported by substantial evidence, though additional, in-depth review of plaintiff's claims, on remand, is warranted.

## IV. PLAINTIFF'S REMAINING ARGUMENTS

This action will be remanded to the ALJ for clarification of plaintiff's physical limitations which will provide sufficient information to reach an RFC based upon the facts of the record and permit composition of a proper question to a VE. Because the court is remanding for

further consideration of these issues, the court need not address the merits of the plaintiff's remaining arguments at this time.

## V.  CONCLUSION

A final judgment in accordance with this memorandum opinion will issue this day.

This, the 30th of July, 2014.

                                               /s/ S. Allan Alexander  
                                              UNITED STATES MAGISTRATE JUDGE